OPINION
On February 22, 1994, appellant Harold Brown was convicted by the Licking County Common Pleas Court of Complicity to Commit Aggravated Robbery and Receiving Stolen Property, with a firearm specification. He was sentenced to an indefinite term of incarceration of nine to twenty-five years for Complicity to Commit Aggravated Robbery, a definite term of incarceration of one year for Receiving Stolen Property, and three years actual incarceration for the firearm specification. The sentences were to run consecutively to each other, and to those imposed in a Franklin County case.
The judgment of conviction and sentence was affirmed on direct appeal to this court. State vs. Brown (April 27, 1995), Licking App. No. 94-CA-22, unreported.
On September 19, 1996, appellant filed a Petition for Post-conviction Relief. The petition was denied without a hearing. On June 6, 1997, this court reversed the judgment dismissing the Petition for Post-conviction Relief, and remanded for an evidentiary hearing. Following an evidentiary hearing, the petition was denied.
The court's judgment overruling the Petition for Post-conviction Relief was filed on July 23, 1997. Appellant's Notice of Appeal was filed on September 18, 1997, outside the thirty-day time limit imposed by App.R. 4(A).
Appellant argues that his prior Notice of Appeal, filed on July 23, 1997, was dismissed without prejudice and, therefore, the instant appeal is timely. This contention is without merit. First, there is no provision in the appellate rules for a dismissal of an appeal without prejudice, permitting refiling after thirty days. Second, the judgment dismissing the appeal does not recite that the dismissal is without prejudice and may be reinstated; the judgment merely dismisses the appeal pursuant to appellant's request. Judgment, 9/8/97, Case No. 97-CA-91. This court lost jurisdiction when the timely appeal was dismissed, and an appeal was not filed before the expiration of thirty days from the trial court's judgment. As appellant did not obtain leave to file a delayed appeal pursuant to App.R. 5, we do not have jurisdiction to entertain the instant appeal.
The appeal is dismissed.
By: Reader, J. Farmer, P. J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the appeal is dismissed. Costs to appellant.